IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHANIEL WALKER, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-cv-00601 |
| | ) Judge Joy Flowers Conti |
| REYNE M. KACSUTA, and | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| KATHY HECKER, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

The Court respectfully recommends that Plaintiff's Complaint (ECF No. 2) filed on April 29, 2013, be dismissed under 28 U.S.C. §1915(e)(2)(B), as more fully explained below.

**II.    REPORT**

**A.    Factual Background**

Plaintiff, Nathaniel Walker, commenced this lawsuit by filing a motion for leave to proceed *in forma pauperis* on April 26, 2013. That motion was granted and the Clerk of Court filed his Complaint on April 29, 2013. In this action, it appears that Plaintiff is attempting to bring both criminal charges and civil claims against the Defendants, Reyne M. Kacsuta and Kathy Hecker.  Indications of his intent to bring criminal charges against Defendants is initially evidenced by the heading of his Complaint:

> AFFIDAVIT OF INFORMATION
> FELONIES, HIGH CRIMES, AND MISDEMEANORS
>
> 18 UNITED STATES CODE §4
> Federal Rules of Criminal Procedure, Rule 3
> . . .

AFFIDAVIT OF INFORMATION
In support of a
CRIMINAL COMPLAINT

Compl. at 1 (ECF No. 2). In the body of his Complaint, Plaintiff asserts that Defendants are guilty of the following crimes:

      (1) Malfeasance of Office
      (2) Slavery
      (3) Criminal Trespass
      (4) Burglary
      (5) Robbery
      (6) Breach of Privacy (Invasion)
      (7) Criminal Conspiracy
      (8) Treason

Compl. at 3-4. In addition, Plaintiff requests damages based upon 18 U.S.C. §3751, a criminal statute which provides for the imposition of fines for a criminal conviction of a felony. Compl. at 5.

As to the civil claims in his Complaint, Plaintiff asserts a demand for resolution of a dispute in commercial law in the heading of the Complaint (Compl. at 1), and makes several references in the body of the Complaint to Defendants being in breach of an unidentified contract. Also interspersed throughout the Complaint are conclusory statements, without any supporting facts, that Defendants' actions denied Plaintiff his right to due process of law, denied him "access to multiple Constitutional rights and specifically acting against [him] under color of official right. It is a 'taking action' denying the right of personal property violative of the provisions of the state Constitution and the Fourth and Fifth Amendments to the Constitution for the United States." Compl. at 2-3. Plaintiff further alleges, without any supporting facts, that Defendants "acted against [his right to] due process by acting in a criminal conspiracy to defraud [him] of his property, giving such property to other conspirators WITHOUT ANY KIND OF

LAWFUL JUDGMENT, COMMERCIAL PAPERWORK, CONTRACTS OR PROOF OF CLAIMS." Compl. at 3 (emphasis in original). As a result, Plaintiff alleges that Defendants "is/are therefore GUILTY of denying him of every Constitutional Protection aford (sic)—an act of TREASON . . . , an act of MIXED DOMESTIC WAR." *Id.* (emphasis in original). Finally, Plaintiff asserts that Defendants are civilly liable under 42 U.S.C. §§ 1983, 1985 and 1986 because they condoned the acts of treason. Compl. at 4.

Plaintiff also pleads three separate counts in the Complaint. For Count I, Plaintiff states, "See attached COMMERCIAL AFFIDAVIT, SENT TO RESPONDENTS[1] IN DEFAULT ON July 13, 2012," and he lists the numbers from the certified mail receipts. Compl. at 4. However, the referenced affidavit is not attached to his Complaint. For Count II, Plaintiff pleads, "See attached NOTICE AND DEMAND FOR COMPENSATION, sent to Respondents IN DEFAULT on July 13, 2012," and he lists the numbers from the certified mail receipts. *Id.* Again, the referenced documents are not attached to the Complaint. For Count III, Plaintiff identifies various "RIGHTS OF THE SEVEREIGN" which he alleges were either "DENIED OR VIOLATED" and include:

> (1) Fourth and Fifth Amendments
> (2) Rights declared in the Pennsylvania Constitution, Art. 1, §8 – Security from Searches and Seizures
> (3) Article VI "PUBLIC OFFICERS" §3 "Oath of Office": NO Record of oath presented. or Other, record of oath violated. Subject to IMPEACHMENT under Section #6 for misbehavior in office.
> (4) Due process of law in denying his right to possess property
> (5) Right of privacy
> (6) Right of Due Process

Compl. at 4-5.

---

[1] Plaintiff refers to Defendants throughout his Complaint as "Respondents."

As for damages, Plaintiff seeks to impose a fine of $250,000 under 18 U.S.C. §3571(b)(3)[2] for each of the eight alleged "actions of high crimes and misdemeanors . . . [by] elected officials in government, [who] are charged as Felonys (sic) . . .." Although Plaintiff initially calculates the damages for all counts ($250,000 x 8) to be $2,000,000, he states that he is only seeking compensation in the amount of $250,000 for the "causes and damages caused by Respondents." Compl. at 5.

Because of the early stage of this litigation, service on the Defendants has not yet been effectuated.

B.  **Legal Standard**

Plaintiff is proceeding *pro se* and as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because *pro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting *Higgins*, 293 F.3d at 688). However, *pro se* litigants are not free to

---

[2] Section 3571(a) provides that a person who has been found guilty of a crime may be sentenced to pay a fine, and subpart (b) delineates the maximum fine to be imposed on an individual for misdemeanors and felonies.

ignore the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D.Pa. Oct. 24, 2006).

Pursuant to 28 U.S.C. §1915(a), Plaintiff requested and has been granted leave to proceed *in forma pauperis*. Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §1915(e). Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact." (citing *Neitzke, supra*). Thus, under §1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D.Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D.Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).[3]

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of Section 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.

---

[3] Dismissal under Section 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints[,]" *Neitzke,* 490 U.S. at 324, or complaints which fail to state a claim on which relief may be granted.

1999)).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny,* 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and §1915([e]) both counsel dismissal." *Neitzke,* 490 U.S. at 328 (footnote omitted).

C. <u>Discussion</u>

1. **Criminal Offenses**

Federal courts lack the authority to adjudicate criminal matters initiated by private individuals seeking to find defendants guilty of misdemeanors and/or felonies, and to award criminal fines. Individuals may be charged with the commission of crimes violative of federal statutes in only two ways: (1) By federal grand jury indictment, or (2) by criminal complaint filed by the U.S. Attorney. Neither situation exists here. Thus, to the extent Plaintiff is attempting to hold Defendants liable for alleged violations of state or federal criminal laws and have criminal fines imposed against them, this Court lacks the power to do so. As such, the Court finds the Complaint lacks an arguable basis either in law or in fact and recommends that the criminal offenses alleged in the Complaint against Defendants be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2. **Civil Claims**

With regard to the civil claims asserted in his Complaint, Plaintiff fails to allege **any facts** to show plausible claims for a violation of his due process rights that would give rise to a Section 1983 claim, nor has Plaintiff alleged any facts to show plausible claims for (1) a violation of his constitutional rights under the Fourth and Fifth Amendments, (2) a violation of his rights under Art. 1, §8 of the Pennsylvania Constitution, (3) a violation of his rights under Art. VI Public Officers §§3 and 6, (4) a violation of his right to privacy, (5) violations of Section 1985 or Section 1986, or (6) breach of contract under state law. Moreover, Plaintiff has failed to allege when the events giving rise to his claims occurred. Civil claims must be brought within the applicable statutes of limitations. Plaintiff must plead facts to show his claims are timely.

In order to "state a claim of liability under §1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (citation omitted). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States of any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Therefore, to state a claim for relief under §1983, Plaintiff must demonstrate both that Defendants were acting under color of state law and that a constitutional violation was directly caused by Defendants' conduct. *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Here, the allegations in the Complaint fail to establish both requirements of a Section 1983 claim. First, although there is a vague reference to an alleged violation of Art. VI Public Officers in the Complaint, this reference is far too attenuated to show that Defendants may be state or government officials, or were otherwise acting under color of state law. Plaintiff does not even allege the name of their employer, or what their positions were with their employers when they allegedly violated his rights.

Second, Plaintiff has failed to allege any facts to show a plausible claim for a constitutional violation caused directly by Defendants' conduct. Plaintiff's due process claim is wholly lacking in any factual basis. Moreover, nothing in the Complaint suggests whether

Plaintiff is asserting a procedural or substantive due process claim, and this Court will not speculate as to which he is pursing. Similarly, Plaintiff has failed to allege any facts to suggest plausible claims for violations of the Fourth or Fifth Amendment. Plaintiff alleges merely that Defendants' actions (without stating what those actions are) constitute a "taking action" denying [him] the right of personal property violative of the provisions of the State Constitution and the Fourth and Fifth Amendments to the [U.S.] Constitution." Conclusory allegations such as this are disregarded for purposes of Section 1915(e)(2)(B)(ii), and without supporting facts to show a plausible violation, are insufficient to state a claim on which relief may be granted. *Fowler*, 578 F.3d at 210 (citing *Iqbal,* 129 S.Ct. at 1949).

Plaintiff's claims for a violation of his rights under Art. 1, §8 of the Pennsylvania Constitution, Article VI Public Officers, §§3 and 6, and privacy rights fails for the same reason. Plaintiff has failed to allege any facts in support of these claims. Thus, merely identifying the rights allegedly violated is insufficient to state a claim upon which relief may be granted. *Id.*

Likewise, Plaintiff's claim for the alleged violation of Section 1985 is deficient in several respects. First, Plaintiff does not identify which of the three subsections under Section 1985 he contends Defendants violated. This Court will not guess at which subsection(s) Plaintiff is attempting to invoke,[4] especially where, as here, the lack of allegations makes it impossible to discern. Second, regardless of which subsection of Section 1985 he is attempting to invoke, Plaintiff must allege, as a threshold matter, an underlying conspiracy. This entails setting forth in the complaint some factual basis to support the elements of a conspiracy, which are: (1) an

---

[4] Because Plaintiff has not identified which subsections of Section 1985 Defendants allegedly violated, it is not this Court's responsibility to set forth the elements of each and every possible claim under Section 1985. Although he is proceeding *pro se*, Plaintiff is certainly capable of reading the statute and identifying, at the very least, which subsections he contends Defendants violated and pleading facts to show or suggest a violation of that subsection.

actual agreement among the co-conspirators or "'meeting of the minds,'" and (2) concerted action. *Demetro v. Police Dep't, City of Cherry Hill,* 2011 WL 5873063, *16 (D.N.J. Nov. 22, 2011) (citing *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir.2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)); *Capogrosso v. The Supreme Court of New Jersey,* 588 F.3d 180, 184-85 (3d Cir. 2009))). *See also Goodson v. Maggi,* 797 F.Supp. 2d 624, 639 (W.D.Pa. 2011) (citations omitted) ("Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators."). "'Courts have nearly unanimously required more than conclusory allegations of deprivations of constitutional rights'" protected under §1985(3). *Osei v. Temple Univ. of Commw. Sys. of Higher Educ.,* Civ. A. No. 10-2042, 2011 WL 4549609, at *19 (E.D.Pa. Sept. 30, 2011) (quoting *Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972)) (also citing *Herring v. Chichester Sch. Dist.*, Civ. A. No. 06-5525, 2007 WL 3287400, at * 10 (E.D.Pa. Nov. 6, 2007) (holding plaintiff's § 1985(3) claim must be dismissed because it contained nothing more than conclusory statements that the defendants conspired, without alleging any facts to demonstrate or allow an inference of a conspiracy)). Indeed, simply alleging that "'the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism[]'" is not enough to survive a motion to dismiss. *Novellino v. N.J. Dep't of Corr. Mountainview Youth Corr. Facility*, Civ. No. 10-4542 (AET), 2011 WL 3418201, at *6 (D.N.J. Aug. 3, 2011) (quoting *Prince v. Aiellos,* No. 09-5429, 2010 WL 4025846, at *7 (D.N.J. Oct. 12, 2010) (citing *Spencer v. Steinman*, 968 F.Supp. 1011, 1020 (E.D.Pa.1997))).

Thus, although the allegations in a civil rights complaint are not held to a heightened pleading standard, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993), a plaintiff must assert facts showing a conspiracy with some

particularity. *Goodson,* 797 F.Supp. 2d at 639 (citing *Bieros v. Nicola,* 860 F.Supp. 223, 225 (E.D.Pa. 1994)). At a minimum, the plaintiff should identify with some particularity the conduct violating his rights, the time and place of the actions, and the specific individuals involved. *See Osei,* 2011 WL 4549609, at *19 (citations omitted).

In the case at bar, the allegations in the Complaint are wholly inadequate to show or suggest a plausible conspiracy under Section 1985 or, for that matter, under Section 1983.[5] Plaintiff alleges nothing more than the conclusion that the Defendants engaged in a conspiracy. As such, Plaintiff's Complaint fails to state a claim upon which relief may be granted for a violation of Section 1985.

Plaintiff's Section 1986 claim also fails to state a plausible claim. 42 U.S.C. §1986 provides in pertinent part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case….

42 U.S.C. §1986. "'[T]ransgressions of §1986 by definition depend on a preexisting violation of §1985….'" *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994) (quoting *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). A plaintiff claiming a violation of §1986 must also show that: "(1) the defendant had actual knowledge of a §1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a §1985 violation, (3) the defendant neglected or refused to prevent a §1985 conspiracy, and (4) a wrongful act was committed."

---

[5] The pleading requirements are the same for a Section 1983 conspiracy.

*Clark*, 20 F.3d at 1295 (citing *Perez v. Cucci*, 725 F.Supp. 209, 254 (D.N.J. 1989)) (other citation omitted). Therefore, if the plaintiff in a §1986 claim fails to state a claim for a §1985 violation, a claim under §1986 cannot survive. *Bieros v. Nicola*, 839 F.Supp. 332, 336 (E.D.Pa. 1993) (citing *Marino v. Bowers*, 483 F.Supp. 765, 769 (E.D.Pa. 1980); *J.D. Pflaumer, Inc. v. United States Dept. of Justice*, 450 F.Supp. 1125, 1131 (E.D.Pa. 1978)).

In the case at bar, the Complaint is completely devoid of any factual allegations to support a plausible claim for a violation of Section 1986, and fails to provide any time frame as to when the alleged violation occurred. Moreover, because the Complaint fails to allege a plausible claim for violation of Section 1985, Plaintiff's Section 1986 claim cannot survive. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted for a violation of Section 1986.

With regard to Plaintiff's demand for resolution of a dispute in commercial law (possible breach of contract), no facts are alleged in support of this claim. Indeed, the Court cannot discern exactly what the legal claim is that Plaintiff is trying to assert. Thus, the Court finds the Complaint fails to state a plausible state law claim upon which relief may be granted.

Accordingly, the Court recommends that civil claims in the Complaint be dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

### 3. Leave to Amend the Complaint

This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint—regardless of whether the plaintiff requests to do so—when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). As it does not

appear at this time that it would be futile to allow Plaintiff to amend his Complaint, the Court recommends that he be allowed leave to file an amended complaint as to the civil claims asserted in his Complaint, to cure the deficiencies identified above.

The Court further instructs Plaintiff that in drafting his amended complaint he should be mindful of the pleading requirements under Federal Rules of Civil Procedure 8 and 10. Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the basis for the court's jurisdiction, (2) the claim or claims showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Although there is not a heightened pleading standard in Section 1983 cases, *pro se* plaintiffs must sufficiently allege a deprivation of a right secured by the Constitution. *Nami*, 82 F.3d at 65 (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Plaintiff's Complaint fails to set forth sufficient factual statements (and in some cases, no factual statements at all), showing that he is entitled to relief on any of his civil rights claims or, for that matter, on the various state common law claims asserted against the Defendants. He also fails to align each claim against a particular Defendant with the allegations supporting such claims. Plaintiff also fails to provide dates for the events upon which his claims are predicated. These deficiencies should be cured in his amended complaint so that Defendants may file a meaningful response.

Federal Rule of Civil Procedure 10(b) requires that the statements in the complaint be set forth in numbered paragraphs and limited, as far as practicable, to a single set of circumstances in each paragraph. None of the paragraphs in the Complaint are numbered. The lack of numbered paragraphs deprives Defendants of a point of reference for responding, and frustrates the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every

action." Fed. R. Civ. P. 1. Thus, in drafting the amended complaint, Plaintiff is advised to set forth his factual allegations and claims for relief in separately numbered paragraphs.

**D.    Conclusion**

For the reasons set forth above, the Court respectfully recommends that Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice to the extent he seeks to have this court determine that Defendants have committed crimes under federal or state law and/or impose criminal fines. It is further recommended that the Complaint (ECF No. 2) be dismissed without prejudice as to Plaintiff's civil claims, and that Plaintiff be allowed leave to file an amended complaint to cure the deficiencies identified above.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 13, 2013                                        BY THE COURT:

                                                             s/Lisa Pupo Lenihan
                                                            LISA PUPO LENIHAN
                                                            Chief U.S. Magistrate Judge


cc:     Nathaniel Walker
        541 Lowell Street
        Pittsburgh, PA  15206
        *Via U.S. First Class Mail*